Let me just mention while we're waiting for Ms. Nicholas. If anyone has just come into the courtroom, masks are mandatory today unless you're at the podium or on the bench. This case is about whether the Fourth Amendment protects the right to be brought before a judge for a bail hearing within 48 hours of arrest. The District Court erred in dismissing plaintiff's complaint for three principal reasons. First, the language and history of the U.S. Supreme Court decision in County of Riverside v. McLaughlin strongly suggests that a bail hearing should occur within the same 48-hour time frame as a determination of probable cause to detain. Second, this court's decisions in Bridewell v. Eberly and Payne v. Kaysen support plaintiff's reading of McLaughlin. And third, McLaughlin's burden-shifting framework strikes the proper balance between presumptively innocent arrestees' interest in avoiding prolonged pretrial detention and local governments' interest in management of their own court systems. Ms. Nicholas, why isn't this a due process claim? The language of the Fourth Amendment prohibits searches and seizures without probable cause or warrant. Once a court has made a finding of probable cause, does the Fourth Amendment have any more work it can do? Yes, Your Honor. The U.S. Supreme Court recently addressed exactly this question in the Emanuel v. City of Joliet case. And there, the Supreme Court held quite clearly that the Fourth Amendment reasonableness standard applies to all claims of improper pretrial detention, even after a finding of probable cause by a judge. And this court applied that holding just last year in Williams v. Dart and quite explicitly noted the deep roots that the right to release on bail have in the Fourth Amendment, going all the way back to quoting Blackstone's commentaries for the idea that to refuse to admit someone to bail or to unreasonably delay admission to bail is an affront to the person's liberty under the Fourth Amendment. So I think that there has been a long history of back and forth about which constitutional right we ought to analyze this under, but the Supreme Court has made quite clear in Emanuel that the Fourth Amendment's reasonableness analysis applies. Go ahead. Does it matter then, because I take it you support, from your briefs, you support the holding in O'Donnell and Walker in the Fifth Circuit and the Eleventh Circuit, does it matter then for your argument that they were decided on due process grounds? So it's clear that O'Donnell and Walker aren't directly on point with this case. In those cases the question was whether standardized bail programs that had a disparate impact on people who could not pay, meaning that people who could not meet the standard bail schedule couldn't be released, whereas people who had some money in their pocket could be released right away on bail, the court applied a due process analysis to find out whether the processes that were being used in those local court systems were sufficient to give due respect to the rights of indigent people to be released on bail. Underlying both of those decisions was a conclusion that McLaughlin's 48-hour time frame for probable cause determinations also was appropriate for the context of bail decisions. So while a kind of equal protection in due process analysis was applied in Walker and in O'Donnell, the underlying assumption was that 48 hours is an appropriate time frame for decisions involving release on bail as well as decisions involving a finding of probable cause. Has any court ever found that? Has any court ever found that the Fourth Amendment requires that bail determinations be made within 48 hours? I think that this court's decision in Payne comes quite close to saying exactly that. But Payne was a very different situation. It was a 1983 case. The statement was dicta and it was relying on language from the Supreme Court that I think you would agree didn't say exactly that. So Payne, to the extent it said that, was certainly not the holding. That was a very different set of circumstances where the plaintiff was arguing she should have been detained longer and not released. So I don't think Payne is persuasive. Are you aware of any court that has directly addressed this question and said the Fourth Amendment requires a bail determination be made within 48 hours? I think that you are right that that is not precisely what the Supreme Court said in McLaughlin. But there are numerous courts, including this court, that have interpreted it that way. And how can you say we've interpreted it that way and made a holding? I think you're stretching some dicta to reach that argument. And even the Eleventh Circuit in a footnote specifically said we did not decide whether a jurisdiction could adopt a system that allows a longer period of time than 48 hours to make a bail determination. That is right, that the Walker Court left open that there could be a longer time frame. O'Donnell clearly did not. It said that the Supreme Court explicitly included bail determinations within that 48-hour time frame. Although that was dealing with a 24-hour period and whether or not that was too short. Exactly. And I think that the Supreme Court in McLaughlin was sensitive to those demands of federalism and was seeking to balance, on one hand, the important interests of people arrested to not be subjected to all the risks that extended pretrial detention can cause to them, against the government interests in avoiding a proliferation of pretrial proceedings that would complicate their... If we agree with you, what would that do to the Federal Bail Reform Act? So McLaughlin's rule is not absolute. I think that's something that this court has recognized in its Portis decision. That in particular situations, there may be good reason why longer than 48 hours is perfectly permissible. By the same token, in certain situations... So if you ask for it, that would be a good reason? Because the government, under the Federal Bail Reform Act, doesn't have to give a reason. It just says, Your Honor, we'd like an additional three days for our bail hearing, and they're entitled to it without a reason. I think that the important point from McLaughlin is that the court in McLaughlin was concerned with programmatic delays, which come very close to looking like delay for delay's sake. So in many cases, the right to be released on bail is not that controversial. All eight of our plaintiffs here were entitled to release on bail. Seven out of the eight were entitled to release on their own recognizance. There wasn't even an argument about their entitlement to release. And the important point in McLaughlin is that someone has a prompt opportunity to request release. Now, there may be situations where a delay is perfectly appropriate and constitutionally permissible. But again, back to the Federal Bail Reform Act, you don't have to give a reason. You just have to ask for it, and you get it. A defendant can ask for it and get five days. A government can ask for it, and you automatically get three days. So to the extent you're hinging your argument on there can be good reason, there doesn't have to be any reason. You just get it. You're entitled to it, which brings me back to the question I asked you. If we agree with you, what does that do to the Federal Bail Reform Act? I don't think it would have any effect on the constitutionality of the Bail Reform Act. How could it not? If we say you have to have a bail determination within 48 hours, and the Federal Bail Reform Act says you automatically get three days if you ask for it, which that's 72 hours, and that doesn't count the time it took you to get before the court to ask for it, why wouldn't we be saying that that's unconstitutional? I think there is a key difference, which is under the federal system and the processes observed in most jurisdictions already, someone at least has that opportunity to make an in-person appearance in front of a judge within that 48-hour time frame. And that at least gives someone a realistic opportunity to request their release. But now you're saying in most. So in those situations where you don't get before a judge within 48 hours, that it's unconstitutional? Then if you ask for your three days? I think that the difference here is that McLaughlin is sensitive to these things, but what it is concerned with is the programmatic delay, delay for delay's sake. And if you have a system like what's observed in the 17th Judicial Circuit. But the Federal Bail Reform Act, it could be delay for delay's sake. The government could come in and ask for three days for just to get more time just to delay it. They don't have to explain, and the court automatically grants it. The difference is the defendant and their counsel are present and can make their argument about why. It doesn't matter what they say, though. Again, it's automatic. They could jump up and down and say, no, we want out today. I've got this and that. And the court's hands are tied because the Reform Act says you ask for it and you get it. I mean, it's an important point. But what I think McLaughlin was trying to do was say there are limitations, and sometimes the Fourth Amendment, although it is a reasonableness standard, does call for the imposition of some numerical limits. But my concern is that the rule you're asking us to adopt today, if we adopted it as you've requested, would make the Federal Bail Reform Act unconstitutional, which I think would come as a big surprise to every judge in the country. Yes, and that's, of course, not what we're asking for here. But that would be the implication of it. You have asked for a constitutional finding that a defendant is entitled to a bail determination within 48 hours, period. What then do we make of Judge Lee's separate finding? Because Judge Lee walked carefully through all the case law, but then he makes an independent finding that 72 hours would be reasonable. Based on the case law, he says the case law suggests 72 hours is reasonable. So really, Judge Lee just came to a different conclusion by 24 hours than you all would like. How then do you square Judge Lee's reasoning with this question about the Federal Bail Act? Well, Judge Lee was being quite cautious in his decision, and he suggested that perhaps something in the range of 72 hours would be appropriate for a numerical line for bail hearings. I don't think that's consistent with what the Supreme Court said in McLaughlin. McLaughlin was concerned with protecting the right of people to avoid these consequences of extended pretrial detention, and that is how this court has discussed that precedent in its Payne and Bridewell decisions. In Payne, the court said existing law creates a right to be released on bail as promptly as possible, with 48 hours as the outside time before presentation to a judicial officer who can make an authoritative decision. And so the concern is if this court affirms at a minimum it would be creating serious tension with its previous holdings, and that's really only something that should be— I think you've taken Payne out of context, and that is dicta. So that argument is, at least to me, not that persuasive. I'm very, very familiar with the Payne case, and the circumstances were extremely different, and I think that language just may not be tight. Let me ask you this. I noticed that McGee discusses Colorado's newly passed legislation mandating a bond hearing no later than 48 hours after the arrestee arrives at the jail. Isn't that the better way to go under all these circumstances by legislation? There are certainly many jurisdictions that have mandated this by statute, but what I think McLaughlin recognizes is that in some circumstances the Fourth Amendment does demand a numerical limitation because if a court system's processes programmatically go above that limitation, that will not meet the Fourth Amendment's minimum requirement of reasonableness. So I see I'm close to the end of my time, so I'll reserve my remainder for rebuttal. Thanks very much. Thank you. Okay. Mr. Sheffield? Mr. Sheffield, you know, if you wish, you may— Good. Okay. You did wish. Just don't breathe. Good morning, Your Honors. Jonathan Sheffield, representing Chief Judge Doherty and arguing on behalf of Appalachia Police. This court should affirm the district court's dismissal of plaintiff's amended complaint because they failed to state a Fourth Amendment claim by alleging that they were provided a probable cause determination within 48 hours of their arrest, but not a bail hearing in that period. No case has held that a pretrial detention of 48 hours based on a proper finding of probable cause is unreasonable under the Fourth Amendment. The text of the Fourth Amendment requires seizures to be reasonable, and the Supreme Court has long held that detention pending trial is a reasonable seizure if it is supported by probable cause, bound by a judicial officer, promptly after an arrest, based on undisputedly true evidence. The latter part is what Manuel made clear, is that, as my colleague on the other side mentioned, Manuel did concern and correct a misunderstanding about the scope of the Fourth Amendment, and there the court made clear that even after the start of legal process, through the filing of charges, probable cause determination found on false evidence might give rise to a Fourth Amendment claim. And in fact, the most careful statement of the court's holding in Manuel was, if the complaint is that a form of legal process resulted in pretrial detention, unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment. And so the court in Manuel was very clear to point out that its holding is a concern about probable cause and a proper finding of probable cause on true evidence. And so the Fourth Amendment makes one thing essential, and that is a quote from, excuse me, the essential comes from Manuel, probable cause to believe the arrestee committed a crime. The plaintiffs here do not dispute that they received a proper and prompt probable cause determination, hence they failed to state a Fourth Amendment claim based on their pretrial detentions. Do you know in what percentage of probable cause hearings in Winnebago County a court finds there was no probable cause to make an arrest, and the arrestee is released after the probable cause hearing? Your Honor, I do not know that. Because we are at the pleading stage, and this is the dismissal of the complaint, I didn't see that, I don't recall seeing that in the complaint. If that number were very close to zero, you know, if it were, okay, should it affect how we view a probable cause hearing? No, Your Honor, because it's an independent question under the Fourth Amendment, whether there's probable cause to detain someone, and a question not under the Fourth Amendment, whether someone is eligible for bail. And to look at McLaughlin, which my colleague on the other side has relied on for the argument that probable cause determinations in bail hearings should occur in the same proceeding, the court obviously in that case concluded the opposite, recognizing that necessary flexibility in our constitutional system counsels against imposing that uniform system of pretrial criminal prosecution. Are they arguing that it should be held at the same time, or just in the same proceeding, or just that that 48-time limit is a good idea for both proceedings, whether they're together or separate? Your Honor, I think a generous understanding of their argument is that a 48-hour outer limit is suggested by McLaughlin. And even if that is the case, that that's their argument, that's not tenable under McLaughlin's explanation that, quote, jurisdictions may choose to combine probable cause determinations with other pretrial proceedings so long as they do so promptly. And then, end quote, that means that one judicial determination must occur within 48 hours of arrest, while the other one need not. And so the effect of the court's explanation is that bail hearings may occur more than 48 hours after arrest at the very minimum. But of course, that wasn't the issue in McLaughlin. The issue in McLaughlin was what is prompt for probable cause determination for purposes of the Fourth Amendment. One thing that strikes me is it took the Supreme Court 16 years from the time of Gerstein to say, you know, probable cause determinations need to be prompt. And it took them 16 years to say, you know what, we better define prompt. And that means 48 hours. What gives you the assurance that we're not at a moment like that now, counsel? Well, Your Honor, the Supreme Court has discussed probable cause and what a proper finding of probable cause is for much longer than that period. And it continues to this day to explain circumstances, for instance, in Manuel, when a probable cause finding isn't enough to support detention. Whereas the right to bail, the Supreme Court has not had such a long history of discussing. And in fact, in other contexts, the Supreme Court has considered challenges, categorical challenges like the plaintiffs bring here to restrictions on bail eligibility. For instance— The same concerns would underlie both. Nobody disputes the potential consequences of being detained, the physical, emotional, et cetera. And those were underlying the Supreme Court's rulings in Gerstein and McLaughlin that they need to have a prompt, which ultimately was defined as 48 hours probable cause determination, in part given those underlying hardships. Those same hardships apply for bail determination. So why wouldn't we apply those same principles? Because the ills of unnecessary confinement discussed in McLaughlin and Gerstein and other cases deal with individuals who there is no suspicion or less than probable cause to believe, not found by a judicial officer, that a crime has been committed. So while there might be some hardships imposed on pretrial detention, the court has allowed those to occur as necessary components to the state's ability to hold someone pending trial. And of course, the state can define categories of offenses that should be admitted to bail to alleviate those hardships. But of course, since the Fourth Amendment doctrine is rooted in the probable cause requirement, the constraints on the state's ability to define categories of offenses that would be eligible for bail would be constrained by a different provision of the Constitution than the Fourth Amendment. But of course, the plaintiffs here have pinned their claims to that Fourth Amendment and not, for instance, the Due Process Clause or the Eighth Amendment, for that matter. Is this, as a matter of practice in the county, something that really only comes up on the weekends and holidays? In other words, I don't know the practice in the county. If they had been picked up Monday through Friday before closing time, would they have gotten a bail determination within 48 hours as a matter of practice? Yes, Your Honor. Well, I should start by saying that this is, of course, on the pleadings, but there is a declaration. I understand. I'm going outside of the pleadings and just asking a practical question. Well, there's a declaration filed in this case by Chief Judge Dougherty that explains that bail hearings occur within 48 hours generally during the weekdays. So that's, pardon me, that's on the district court stocket, and I just don't remember the exact documentary number. Let me ask you, Mr. Judge, just, you know, a sort of hypothetical case. How about if someone is arrested in Winnebago County and whoever it is that takes care of these things spins a wheel and some bail, some arrestees get bail hearings within 48 hours and others get one within five days or maybe doesn't even get one. Would that be constitutional? Well, Your Honor, that, of course, would be a violation of state law, which the Constitution does not enforce. But if the state law on that point were to allow that, then, of course, there could be an argument that that would be not in line with the purposes, with compelling purposes of detention and so potentially could violate another part of the Constitution, like the Eighth Amendment, because the purpose for the bail determination that bail should not be provided wouldn't be compelling. So in kind of an elaboration on that, that would not be a Fourth Amendment claim, but that, of course, would be an Eighth Amendment claim. And so that, I think, is an important point to make, is that although the Fourth Amendment does not have, in its history and doctrine, a constraint on when and if bail determinations must be made, other constitutional provisions might, and the plaintiffs have not decided to proceed under those constitutional provisions. And so we do not have the opportunity to discuss that. And at the bottom, this case, my colleague on the other side and I both agree that this is a case where they're asking for this court to expand the text, beyond the text of the Fourth Amendment, to require, to adopt a new reasonableness requirement into the Fourth Amendment. To date, no case has held a pretrial detention supported by a proper finding of probable cause, that is a neutral fact finder promptly based on undisputedly true evidence, as happened here, was unreasonable under the Fourth Amendment. Instead, cases uniformly hold the opposite. After a judicial timely finding of probable cause, the arrestee can state a Fourth Amendment claim, perhaps only where it's unsupported by true evidence, as in Manuel. And plaintiffs arrest other claims on that constitutional provision, which does not speak to a right to bail. But Judge Lee went on to make a finding that 72 hours would be reasonable based on the cases as he read them. Are you defending that part of his decision too? Yes, with a different understanding, Your Honor. Judge Lee's decision rested on cases interpreting the Due Process Clause, Baker against McClellan, and explained that in a case called Holloway against Delaware from this court. And those cases said that detentions of periods beyond what the plaintiffs here experienced would be reasonable. But the court's analysis in those cases, because it fell under the Due Process Clause, explains why that wouldn't be a due process violation, a substantive due process violation. And, of course, the Supreme Court is also— What I'm trying to understand is if we decided that we did agree with Judge Lee and that 72 hours was reasonable, would you be back here again? No, I don't think so because that would still be a victory for us because the plaintiffs were held within that time frame. So your argument is not that the Fourth Amendment just dictates that there be no limit on bail hearings, no time limit. You just don't like 48 hours. No, Your Honor. Our argument is that the Fourth Amendment does not guarantee a right to bail, and certainly not within that 48-hour period the plaintiffs have alleged. And we are defending the point that Judge Lee makes, but under a different constitutional provision. And we explained that in our brief, just mentioning that he relied on these cases to make this reasonableness finding, or to make this reasonableness conclusion. And we relied on them to say that as a matter of due process, this would not be a claim either. How do you maintain your assistance? I heard you try to explain Manuel. But how do you maintain your insistence that plaintiffs really should be proceeding under the Due Process Clause, given our holding in Williams v. Dart? Well, Your Honor, I want to make sure that I'm clear here. We're not saying that the plaintiffs should bring another claim. Obviously, not by defending another lawsuit. But the case of Williams v. Dart is a very nuanced and different case. There, the restees were ordered released on bail, and the sheriff independently detained them, deciding that the conditions of their release were not suitable. And this court said two paths led to the conclusion that the plaintiffs could proceed under the Fourth Amendment. First was that their custody was wrongful under the Fourth Amendment because there was not a new finding of probable cause to detain them, and that there was want of a neutral decision maker. So the pretrial detention in that case, they said, required a neutral decision maker. And here, the neutral decision maker had decided that release was appropriate under the state's bail procedures. And so the court, to quote it, said, the practical result of this exercise of the sheriff's discretion was that the jailing of each plaintiff for 3 to 14 days, and the teaching of Gerstein is unmistakable. These decisions were not the sheriff's make. And the second point about probable cause is that the initial finding of probable cause to detain these plaintiffs had been exhausted, and that this court said that it's axiomatic that detentions, excuse me, axiomatic that seizures have purposes, and when those purposes are spent, further seizure is unreasonable. Here, the initial finding of probable cause was exhausted after the court ordered these plaintiffs released on bail. And so the sheriff's unilateral seizure at that point was not supported by probable cause. And so this court's decision in Williams against Dart fits squarely within the Fourth Amendment confines under either theory that this court, or under either explanation that this court provided. Your Honors, I see that my time is elapsing. Unless there are further questions, I will ask Chief Judge Ernie Napoles will ask that this court affirm the dismissal of the plaintiff's First Amendment, first amended complaint. Thank you very much, Mr. Sheffield. Okay. Thank you. Give Ms. Nichols the three minutes that she requested, please. Thank you. I appreciate that. I would like to address just a couple of things that were raised by my opponent. First, the idea that we are requesting some kind of rigidity or a rigid framework to be imposed from above by the federal courts on local court systems. That's not what our request is here. Our request is completely consistent with what was held in Gerstein and in McLaughlin, which is that the Fourth Amendment strikes a balance between the rights of people who are arrested and the needs and demands of federalism. But there are limits on the requirement that the federal courts defer to those needs of federalism, which sometimes under the Fourth Amendment call for numerical limitation, whereas here the lack of numerical limitation would lead to programmatic delays that are not justified by any compelling need for detention of people, which is delay for delay's sake, which is precisely what happens in the 17th Judicial Circuit when people are arrested on Fridays. Second, as was pointed out by the court during the argument here, there's several things we need to take into account here. When you are observing a set of procedures like we have in the 17th Judicial Circuit, where probable cause determinations are made by a checkmark on a police report with no opportunity to appear in person, and then actual in-person proceedings are delayed, we start to have a set of proceedings that are so diluted the right of the accused to be present in court and ask for their release that it falls short of the demands of the Fourth Amendment. That minimum requirement is reasonableness, and when we have a checkmark procedure, we're starting to fall below that standard. Why wouldn't that be a challenge to the probable cause determination procedure as opposed to we need a bail hearing? Well, the Fourth Amendment's demand is reasonableness, and the history of this case is important to look at, because at the time we brought this case, the plaintiffs had no idea a probable cause determination had even been made. And so this case was brought under circumstances where they were being held for three, three and a half days with no idea of what was even going on because they had no opportunity to appear in front of the judge. If it's amended, why not challenge that ex parte proceeding and the nature of it and the thoroughness or whatever other Fourth Amendment challenge you wanted to bring to it? So I think that the court has okayed an ex parte determination of probable cause. However, what we have here is do the procedures observed in the 17th Judicial Circuit comport with reasonableness under the Fourth Amendment? And when you put together the amount of delay, the lack of an in-person appearance, we're falling short of that standard because people who are arrested have no idea what's going on. So if I'm out of time, I'll just ask that the court reverse the decision and remand for proceedings in the district court. Thank you. Thank you very, very much. Now, were you court appointed, Ms. Nicholas? Oh, no, I'm not. I'm privately retained. Okay. Thank you. Case will be taken under advisory.